﻿Citation Nr: AXXXXXXXX
Decision Date: 02/22/19 Archive Date: 02/21/19

DOCKET NO. 180830-718
DATE: February 22, 2019

ORDER

Entitlement to service connection for a right knee disability is denied.

FINDING OF FACT

The Veteran’s right knee disability did not manifest during active service or within one-year of service discharge and is not otherwise etiologically related to active service. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for a right knee disability have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veteran’s dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty in the United States Army from June 1976 to June 1979. 

The Veteran selected the “Higher Level Review” lane when he submitted the RAMP election form on April 2018. Accordingly, the July 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this July 2018 RAMP rating decision to the Board and requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to service connection for a right knee disability is denied.

Service connection may be established for a disability resulting from diseases or injuries which are clearly present in service or for a disease diagnosed after discharge from service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2018). Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability, (2) an in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the claimed in-service disease or injury and the present disability. Holton v. Shinseki, 557 F.3d 1362 (Fed Cir 2009); 38 C.F.R. § 3.303 (a) (2018).

Service connection may also be granted for chronic disabilities, such as psychoses or organic diseases of the nervous system, when manifested to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1101, 1112, 1113 (2012); 38 C.F.R. §§ 3.307, 3.309 (2018).

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).

The Veteran claims entitlement to service connection for his right knee disability as a result of active service, which included 43 low level parachute jumps and rigorous physical training as a Ranger. Indeed, the Veteran’s DD Form 214 documents that he was awarded a Ranger Tab and a Parachute Badge.

With respect to element (1) of direct service connection, a current disability, a September 2014 VA examiner noted that the Veteran was diagnosed with chondromalacia of the right knee. Therefore, the element has been satisfied.

With respect to element (2), an in-service incurrence of an injury or disease, the Veteran does not argue that he sustained specific injuries to his knee in service. Rather, he contends that his conditions are due to completion of 43 low level parachute drops and aggressive physical training as a Ranger. His service treatment records, while showing treatment for other conditions, are negative for any specific right knee injury, diagnosis, or treatment. Moreover, his entrance and separation examination were normal. It was not until a September 2014 VA examination, about 35 years later, that the examiner diagnosed the Veteran with chondromalacia of the right knee. Because the Veteran’s contentions regarding the nature of the knee injury are consistent with the circumstances of his service, therefore, arguably element (2) has not been satisfied.

With respect to element (3), nexus, the Board finds that the weight of the competent and probative evidence linking the Veteran’s current knee condition to service is against the claim. In a September 2014 VA examination, the examiner opined that because there was no documented injury to the right knee in service and due to the length of time that had passed without reference to any continuing right knee disability, it would be speculative to find a relationship between a current right knee condition and any injury in service. See generally Clemons v. Shinseki, 23 Vet. App. 1, 6 (2009) (noting that the Board need not obtain further medical evidence where the medical evidence "indicates that determining the cause is speculative"); Jones (Michael) v. Shinseki, 23 Vet. App. 382, 390 (2010) (recognizing legitimacy of inconclusive medical opinion when "time for obtaining other information has passed").

The Board has considered the Veteran’s own statement in support of his claim. However, he has not demonstrated any specialized knowledge or expertise to indicate he is capable of rendering a competent medical opinion. Although lay persons are competent to provide opinions on some medical issues, as to the specific issue in this case, the etiology of his chondromalacia of the right knee falls outside the realm of common knowledge of a lay person. Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). 

The Board has also considered whether the Veteran’s knee condition qualifies for presumptive service connection under 38 C.F.R. §3.309. That provision of law permits a finding of service connection for certain diseases even though they are not first documented while in service. While arthritis is a disease process for which presumptive service connection is available, here the Veteran did not have arthritis in service, there is no x-ray evidence of such in the first post-service year, and no arthritis was found on x-ray during the September 2014 examination. 

(Continued on the next page)

 

Having considered the evidence on appeal, the Board finds that the preponderance of evidence is against finding that a right knee disability began during service, or is otherwise related to an in-service injury, event, or disease. Therefore, the criteria for service connection have not been satisfied and the claim must be denied.

 

M. Tenner

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Xiong, Attorney Advisor